UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEE ORI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14 CV 1982 CDP |
| | ) |
| WEALTHCORP, LLC, et al., | ) |
| | ) |
| Defendants, | ) |
| | ) |
| vs. | ) |
| | ) |
| FIBBENS KORANTENG, | ) |
| | ) |
| Third-Party Defendant. | ) |

## **MEMORANDUM AND ORDER**

This case, originally brought in Missouri state court, involves a business deal that went sour. Three of the defendants removed to this court under 28 U.S.C. § 1332, arguing that there is complete diversity among the parties if the court disregards the citizenship of the fourth and final defendant, Paradigm Healthcare Solutions, LLC, which they contend was fraudulently joined. Plaintiff Lee Ori, a Missouri citizen, has moved to remand. He responds that Paradigm was not fraudulently joined and that, in any event, it is a necessary and indispensable party, and its Missouri citizenship cannot be ignored.

Even without considering Paradigm's citizenship, complete diversity is lacking. Defendant Wealthcorp, LLC shares the citizenship of each of its members, including

plaintiff Ori, which makes it a Missouri citizen.  Because the defendants have not met their burden of demonstrating federal jurisdiction, I must remand.  I will also deny without prejudice all other pending motions.

**I.     Claims**

Briefly, Ori alleges that he was induced by the two individual defendants (Christopher Walkup and Marshall Winters) to assign his interest in two companies to Wealthcorp, a private equity firm they owned with a nonparty.  One of those two companies was defendant Paradigm, a Tennessee pharmacy that Ori operated.  Ori claims that, in exchange for assigning over his interest in Paradigm and another company, Walkup and Winters promised they would give him a share of Wealthcorp, contribute their shares in certain businesses to Wealthcorp, and infuse capital into that firm.  Ori alleges that Walkup and Winters told him that the members of Wealthcorp would execute a new operating agreement reflecting the new membership structure and contributions, but they have not provided him with a "fully executed amended operating agreement which contains the terms and conditions" they represented to him.  (Pet. ¶ 25, Doc. 7.)  Ori also claims that Walkup breached several contracts involving the purchase and subsequent sale of two different stocks.

The two individual defendants, Walkup and Winters, along with defendant Wealthcorp, have counterclaimed against Ori and filed a third-party complaint against Fibbens Koranteng, an individual member of Paradigm.  The defendants allege that

- 2 -

during negotiations over the Wealthcorp/Paradigm deal, Ori and Koranteng surreptitiously amended Paradigm's operating agreement and caused Paradigm to execute an amended promissory note in favor of Ori. The defendants allege that these actions were hidden from them and designed to devalue Wealthcorp's investment in Paradigm.

## II. Citizenship of the Parties and Lack of Complete Diversity

Federal courts are courts of limited jurisdiction, and a claim may only be properly removed if it originally could have been brought in federal court. *Peters v. Union Pac. R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996) (citing 28 U.S.C. § 1441(b) and *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). The three removing defendants cite 28 U.S.C. § 1332, conveying diversity jurisdiction, as the basis for federal subject-matter jurisdiction over this action. Diversity jurisdiction requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (quoting *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)).

According to the pleadings, plaintiff Ori is a citizen of Missouri, defendant Walkup is a citizen of Arizona, and defendant Winters is a citizen of Louisiana.[1] Third-party

---

[1] Plaintiff initially alleges that defendant Winters is a citizen of Arizona, but Winters denies this and claims he is a citizen of Louisiana. Either way, Winters is diverse from Ori and Koranteng.

- 3 -

defendant Koranteng is a citizen of Missouri.  The remaining two defendants, Wealthcorp and Paradigm, are both limited liability companies.  As such, they share the citizenship of each of their members.  *See GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

The parties all represent that plaintiff Ori became a member of Wealthcorp in mid-2014, although they disagree about the propriety and consequences of that association. (*See*, *e.g.,* Ans., p. 4, Counterclaim ¶ 9 (alleging Ori breached his fiduciary duty as a member of Wealthcorp), both Doc. 14; Pet. ¶ 71(a) (alleging that Ori is an owner of Wealthcorp), Doc. 7; Memorandum of Understanding dated June 5, 2014, Doc. 14-3; Operating Agreement of Wealthcorp dated June 23, 2014, Doc. 14-1; Assignment and Assumption of Membership Interests in Paradigm dated Aug. 4, 2014, Doc. 14-6 (assigning Ori's interest in Paradigm in consideration for 16% stake in Wealthcorp and making assignment subject to Memorandum of Understanding).)  There is no evidence – nor any suggestion – presented by any party that Ori's membership in Wealthcorp was withdrawn before this action was initiated or removed in November 2014.

Therefore, even assuming Paradigm was fraudulently joined and its citizenship may be disregarded, there is a Missouri citizen on each side of this dispute.  Because Ori was a member of Wealthcorp at the time this action was filed and removed, and his Missouri citizenship is imputed to Wealthcorp, its presence in this action defeats diversity

jurisdiction.² *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011) (diversity jurisdiction must exist at filing and removal); *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) (quoting *Thomas v. Basham*, 931 F.2d 521, 523 (8th Cir. 1991) (federal court has a duty to raise jurisdictional issues "when there is an indication that jurisdiction is lacking, even if the parties concede the issue").

It may seem peculiar that Ori's Missouri citizenship counts twice, but it is not unprecedented. Other courts routinely find that complete diversity is lacking in an action where an individual sues an LLC to which he belongs. *See, e.g., Skaaning v. Sorensen*, 2009 WL 3763056, at *3-*8 (D. Haw. Nov. 10, 2009) (noting that "because an LLC is a citizen of every state of which its owners or members are a citizen, and because complete diversity is required, if a plaintiff is an owner or member of a defendant LLC, then [the] diversity requirement of section 1332 cannot be satisfied" and also concluding that the defendant LLC was not a nominal party); *Reid v. The Wailers,* 606 F. Supp. 2d 627, 631 (E.D. Va. 2009); *Ahmed v. Khanijow*, 2011 WL 3566621, at *6 (E.D. Mich. Aug. 15, 2011).

---

² Although it is possible for counterclaims and third-party claims to survive the dismissal of the original claim for lack of subject-matter jurisdiction, they must present an independent basis for federal jurisdiction in order to do so. *Toste Farm Corp. v. Hadbury, Inc.*, 70 F.3d 640, 646 (1st Cir. 1995); *see also Alumax Mill Prods., Inc. v. Congress Fin. Corp.*, 912 F.2d 996, 1005 (8th Cir. 1990) (describing ancillary and pendent jurisdiction and noting among other things that "[w]ithout a jurisdictionally sufficient claim, that is, one that is independently cognizable in federal court, there is no claim to which the jurisdictionally insufficient claim can be 'pendent' and thus no pendent claim jurisdiction"); *see also* 28 U.S.C. § 1367(c). Here, the removing defendants' counterclaims and third-party claims suffer from the same jurisdictional flaw as the original action because Wealthcorp is nondiverse from either counterdefendant Ori or third-party defendant Koranteng.

## III. Conclusion

As the removing parties, defendants Wealthcorp, Walkup, and Winters bear the burden of showing by a preponderance of the evidence that subject-matter jurisdiction exists, and all doubts must be resolved in favor of remand. *In re Prempro*, 591 F.3d at 620. Because there is no complete diversity, the defendants have not met their burden, and this case must be remanded.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [#12] is granted.

**IT IS FURTHER ORDERED** that all other pending motions [#15, #24, #27, #32, #38, #43] are denied without prejudice.

**IT IS FINALLY ORDERED** that this case is remanded to the Circuit Court of the County of St. Louis, State of Missouri, from which it was removed.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of March, 2015.